PER CURIAM.
The appellant, Rutenberg-Sarasota, Ltd., seeks review of the trial court’s entry of a final summary judgment in favor of the appellees, James Eisner, et al., in their action seeking recovery against certain mechanics’ lien transfer bonds posted by Ru-tenberg-Sarasota. We affirm the trial court’s judgment.
Rutenberg-Sarasota is the owner, developer, and contractor of a Sarasota County land development project known as Fairway Woods. It subcontracted with Square Frame, Inc., for the performance of a phase of the construction at the Fairway Woods project. In order to satisfy its contractual obligations to Rutenberg-Sarasota, Square Frame hired Eisner and the other appellees as temporary employees. The scope of the appellees’ employment with Square Frame was limited to performing labor on the Fairway Woods project.
During various weeks in February and March of 1985, the individual appellees performed labor for Square Frame only on the subcontracted improvement at the Fairway Woods project, but they were not paid — apparently because Square Frame became insolvent. Whether Rutenberg-Sarasota ever paid Square Frame is unclear from the record. When Square Frame failed to pay the appellees their wages, however, each of the appellees recorded and served a claim of lien against the Fairway Woods property in accordance with sections 713.08 and 713.-18, Florida Statutes (1985).
After Rutenberg-Sarasota posted mechanics’ lien transfer bonds in accordance with section 713.24, Florida Statutes (1985), and contested the claims of lien, the appel-lees collectively filed an action to recover against the transfer bonds. The appellees and Rutenberg-Sarasota each filed motions for summary judgment. Following a hearing on the parties’ respective motions, the trial court entered a final summary judgment in favor of the appellees against Ru-tenberg-Sarasota. This timely appeal followed.
Rutenberg-Sarasota’s sole contention on appeal is that the appellees were not “la *400 borers” as defined by section 713.01(9), Florida Statutes (1985), and that they, therefore, lacked standing to recover in an action brought under the mechanics’ lien law. We disagree with this argument and affirm the trial court’s implicit finding that the appellees were laborers as defined by section 713.01(9).
Section 713.01(9) provides that a laborer is “any person other than an architect, landscape architect, engineer, land survey- or, and the like who, under a properly authorized contract, personally performs on the site of the improvement labor or services for improving real property and does not furnish materials or labor service of others.” It is important to note that this definition requires that a laborer perform under a “properly authorized contract” as opposed to a “direct contract.”
Under the Florida Mechanics’ Lien Law, a contract is an express or implied agreement to improve real property. § 713.01(1), Fla.Stat. (1985). A direct contract is an express or implied agreement for improving real property between the owner and any other person. §§ 713.01(1) and 713.01(4), Fla.Stat. (1985). A properly authorized contract, although not defined by statute, includes a contract directly between the individual claiming to be a laborer and the subcontractor on the project. Sprinkler Fitters and Apprentices Local Union No. 821, U.A. v. F.I.T.R. Service Corp., 461 So.2d 144 (Fla. 3d DCA 1985), petition for review denied, 472 So.2d 1182 (Fla.1985). Privity between the owner and the person claiming to be a laborer is, therefore, not a prerequisite to finding that a laborer performed under a properly authorized contract.
Rutenberg-Sarasota’s reliance on Sprinkler Fitters to support its position that the appellees were not laborers because they did not perform under a properly authorized contract is misplaced. The court in Sprinkler Fitters held that a collective bargaining agreement, which provided for the terms of employment of union members, was not a properly authorized contract because it was not an agreement for improving real property within section 713.01(1). In so holding, the court noted that the collective bargaining agreement had not been entered into in contemplation of improving the parcel of real property in question. Sprinkler Fitters at 146. The undisputed facts here, however, indicate that Eisner and the other appellees agreed with Square Frame, a subcontractor, to perform labor for the improvement of a specific parcel of real property. Thus, the labor performed by the appellees at the Fairway Woods project was performed under a properly authorized contract, even though the appellees did not have a direct contract with Rutenberg-Sarasota. The ap-pellees were, therefore, laborers as defined in section 713.01(9).
A laborer is not required to be in privity with the owner of the improved real property in order to have standing under the mechanics’ lien law. Section 713.06(1), Florida Statutes (1985), provides:
(1) A materialman or laborer, either of whom is not in privity with the owner, ... shall have a lien on the real property improved for any money that is owed to him for labor, services, or materials furnished in accordance with his contract and with the direct contract. The total amount of all liens allowed ... for furnishing labor, services, or material covered by any certain direct contract shall not exceed the amount of the contract price fixed by the direct contract except as provided in [section 713.06(3)]_
Since the appellees’ employment agreement constitutes a properly authorized contract with Square Frame, and the agreement was based upon Square Frame’s direct contract with Rutenberg-Sarasota for the improvement of real property, the appellees had standing to utilize the mechanics’ lien law pursuant to section 713.06(1).[1] We, therefore, find no error in the trial court’s entry of a final summary judgment in fa *401 vor of the appellees and, accordingly, affirm.
Affirmed.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.

. We are not called upon to address the issue of whether any lienable funds existed on the Fairway Woods project under the provisions of sections 713.06(1) and 713.06(3), Florida Statutes (1985).